IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TYRONE JERMAINE MARTIN, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 15-522-RGA |
| DETECTIVE LAMON, et al., | : | |
| Defendants. | : | |

Tyrone Jermaine Martin, James T. Vaughn Correctional Center, Smyrna, Delaware. *Pro Se* Plaintiff.

**MEMORANDUM OPINION**

August 21, 2015
Wilmington, Delaware

*signature* Richard G. Andrews

**ANDREWS, U.S. District Judge:**

Plaintiff Tyrone Jermaine Martin, an inmate at the James T. Vaughn Correctional Center, Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983 on June 22, 2015. He appears *pro se* and has been granted leave to proceed *in forma pauperis.* (D.I. 5). The Court proceeds to review and screen the original complaint (D.I. 1) pursuant to 28 U.S.C. § 1915(e)(2).

Plaintiff alleges that on October 10, 2014, Probation and Parole conducted an illegal search of his residence pursuant to an administrative search warrant that lacked sufficient reasonable suspicion to justify a warrant. It appears that when Probation and Probation found drugs, Defendants Delaware State Police Detectives Lamon and Vernon requested a search warrant. (D.I. 1 at 1). Plaintiff alleges the warrant was not supported by probable cause because it was based on the unlawful Probation and Parole administrative search warrant. On October 10, 2014, Plaintiff was incarcerated on drug charges. Plaintiff alleges Defendants' actions caused him to be illegally detained.

Plaintiff was indicted in April 2015. Plaintiff alleges that the Office of the Attorney General of the State of Delaware did not have a valid reason for the delay of the indictment. His attorney moved for dismissal of the indictment and it was denied. Plaintiff's bail was modified to an unsecured bail due the delay in indictment. Plaintiff alleges illegal searches and seizures in violation of the Fourth and Fourteenth Amendments and a violation of his right to a speedy trial under the Sixth Amendment to the United States Constitution. He seeks compensatory damages.

1

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)[1] if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when

---

[1] It is not clear if Plaintiff was incarcerated at the time he filed the instant complaint.

2

ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See Johnson*, 135 S.Ct. at 346.

To determine whether a complaint meets the pleading standard as set forth in *Twombly* and *Iqbal*, the Court must: (1) outline the elements a plaintiff must plead to a state a claim for relief; (2) peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth; and (3) look for well-pled

3

factual allegations, assume their veracity, and then "determine whether they plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) (internal citations omitted). The last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

The complaint names a number of defendants, but only Lamon and Vernon have allegations raised against them. Plaintiff alleges in a conclusory manner that Lamon and Vernon obtained a search warrant without probable cause. This conclusory and allegation fails to rise the pleading standards of *Iqbal* and *Twombly*. Indeed, it seems likely that Plaintiff's claim is actually that the search warrant was invalid as "fruit of the poisonous tree." Presumably, for that to be the basis for a § 1983 claim, Plaintiff would have to allege some facts making it plausible that the State Police officers knew the warrant was invalid.

In addition, there are no allegations raised against the remaining named defendants. A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980); *Hall v. Pennsylvania State Police,* 570 F.2d 86, 89 (3d Cir. 1978)). Stating that illegal things happened to Plaintiff and providing a list of individuals who Plaintiff wants to name as defendants is insufficient.

Therefore, the complaint will dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted. However,

4

since it appears plausible that Plaintiff may be able to articulate a claim against the defendants (or name alternative defendants), he will be given an opportunity to amend his pleading. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. Dec. 6, 2007) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

An appropriate order will be entered.